**IT IS ORDERED**

Date Entered on Docket: December 1, 2017

_____
**The Honorable David T. Thuma
United States Bankruptcy Judge**



_____

UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW MEXICO

In re:

KRYSTAL RENEE GAFFNEY           Case No. 7-17-12368-TA
JASON MICHAEL GAFFNEY

         Debtor.

### DEFAULT ORDER GRANTING BANK OF AMERICA, N.A. RELIEF FROM AUTOMATIC STAY AND ABANDONMENT OF PROPERTY TO BANK OF AMERICA, N.A. LOCATED AT 10900 PRINCESS JEANNE AVE ALBUQUERQUE, NEW MEXICO 87112

This matter came before the Court on the Motion for Relief from Automatic Stay for the Abandonment of Property to Bank of America, N.A., filed on October 26, 2017, (DOC 14) (the "Motion") by PennyMac Loan Services, LLC, as servicer for Bank of America, N.A. ("BOA"). The Court, having reviewed the record and the Motion, and being otherwise sufficiently informed, FINDS:

(a)     On October 26, 2017, BOA served the Motion and a notice of the Motion (the "Notice") on Albert W. Schimmel, III, Attorney for Debtors and Yvette J. Gonzales, Trustee (the "Trustee") by use of the Court's case management and electronic filing system for the transmission of notices, as authorized by Fed.R.Civ.P. 5(b)(3) and NM LBR 9036-1, and on the Debtors Krystal Renee Gaffney,

and Jason Michael Gaffney, by United States first class mail, in accordance with Bankruptcy Rules 7004 and 9014.

(b) The Motion relates to the property located at 10900 Princess Jeanne AVE Albuquerque, New Mexico 87112, more fully described as:

> LOT NUMBERED FIVE (5) IN BLOCK NUMBERED FIFTY-FOUR (54) OF DALE J BELLAMAH'S PRINCESS JEANNE PARK, AN ADDITION TO THE CITY OF ALBUQUERQUE, NEW MEXICO, AS THE SAME IS SHOWN AND DESIGNATED ON THE PLAT THEREOF, FILED IN THE OFFICE OF THE COUNTY CLERK OF BERNALILLO COUNTY, NEW MEXICO, ON APRIL 1, 1957, IN VOLUME C3, FOLIO 80.

including any improvements, fixtures, and attachments, such as, but not limited to, mobile homes (the "Property"). If there is a conflict between the legal description and the street address, the legal description shall control.

(c) The Notice provided for an objection deadline of 21 days from the date of service of the Notice, to which three days was added pursuant to Bankruptcy Rule 9006(f);

(d) The Notice was sufficient in form and content;

(e) The objection deadline expired on November 20, 2017;

(f) As of November 21, 2017, neither the Debtor nor the Trustee, nor any other party in interest, filed an objection to the Motion;

(g) The Motion is well taken and should be granted as provided herein; and

(h) By submitting this Order to the Court for entry, the undersigned counsel for BOA certifies under penalty of perjury that, on the date this order was presented Rose L. Brand & Associates, P.C. searched the data banks of the Department of Defense Manpower Data Center ("DMDC"), and found that the DMDC does not possess any information indicating that the Debtor is currently on active military duty of the United States.

IT IS THEREFORE ORDERED:

1. Pursuant to 11 U.S.C. §362(d), BOA and any and all holders of liens against the Property, of any lien priority, are hereby are granted relief from the automatic stay:

(a) To enforce its rights in the Property, including foreclosure of liens and a foreclosure sale, under the terms of any prepetition notes, mortgages, security agreements, and/or other agreements to which Debtors are parties, to the extent permitted by applicable non-bankruptcy law, such as by commencing or proceeding with appropriate action against the Debtors or the Property, or both, in any court of competent jurisdiction; and

(b) To exercise any other right or remedy available to it under law or equity with respect to the Property.

2. The Trustee is deemed to have abandoned the Property from the estate pursuant to 11 U.S.C. §554 as of the date of entry of this Order, and the Property therefore no longer is property of the estate. As a result, BOA need not name the Trustee as a defendant in any state court action it may pursue to foreclosure liens against the Property and need not notify the Trustee of any sale of the Property.

3. The automatic stay is not modified to permit any act to collect any deficiency or other obligation as a personal liability of the Debtors, in the event that a discharge order is entered. The Debtors can be named as defendants in litigation to obtain judgment or to repossess the Property in accordance with applicable non-bankruptcy law, pursuant to any discharge order entered.

4. This Order does not waive BOA's claim against the estate for any deficiency owed by the Debtors after any foreclosure sale or other disposition of the Property. BOA may filed an amended proof of claim this bankruptcy case within thirty (30) days after a foreclosure sale of the Property, should it claim that Debtors owe any amount after the sale of the Property.

5. This Order shall continue in full force and effect if this case is dismissed or converted to a case under another chapter of the Bankruptcy Code.

6. This order is effective and enforceable upon entry. The 14-day stay requirement of Fed.R.Bankr.P. 4001(a)(3) is waived.

7. BOA is further granted relief from the stay to engage in loan modification discussions or negotiations or other settlement discussions with the Debtors and to enter into a loan modification with the Debtors.

XXX END OF ORDER XXX

RESPECTFULLY SUBMITTED:

ROSE L. BRAND & ASSOCIATES, P.C.

By: /s/Andrew P. Yarrington
ANDREW YARRINGTON
Attorney for BOA
7430 Washington NE
Albuquerque, NM 87109
Telephone: (505) 833-3036
Andrew.Yarrington@roselbrand.com


Copied to:

Krystal Renee Gaffney
Debtor
14110 Encantado Rd NE
Albuquerque, NM 87123

Jason Michael Gaffney
Debtor
6952 Tempe Ave NW
Albuquerque, NM 87114

Albert W. Schimmel, III
Attorney for Debtors
320 Gold Ave SW Suite 1125
PO Box 8
Albuquerque, NM 87103-0008

Yvette J. Gonzales
Chapter 7 Trustee
PO Box 1037
Placitas, NM 87043-1037
Telephone: (505) 771-0700
yjgllc@yahoo.com